UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 0:19-00041 (WMW/SER)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DYLAN MATTHEW DELING,
A/K/A "JASON KEENS,"
A/K/A "DYLAN NASH,"

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Dylan Matthew Deling (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** The Defendant agrees to plead guilty to Counts 1 and 3 of the Indictment, which charge the Defendant with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), and interstate communication with intent to extort, in violation of 18 U.S.C. § 875(b), respectively. As part of this plea agreement, and in consideration for the Defendant's plea of guilty, the United States agrees to move to dismiss the remaining count—Count 2 (18 U.S.C. § 2260A), which carries a mandatory 10-year consecutive sentence to Count 1—at sentencing. The United States also agrees



SCANNED
JUL 18 2019
U.S. DISTRICT COURT ST. PAUL

that it will not seek to prosecute the Defendant for other conduct directly learned from the investigation leading to this plea agreement.

2. **Factual Basis.** The defendant agrees that the following summary fairly and accurately sets forth the defendant's offense conduct and a factual basis for the guilty plea. The defendant further agrees that the facts set forth in the summary are true and could be established beyond a reasonable doubt if the case were to proceed to trial:

The Scheme:

    a. At all times relevant, the defendant was in the State and District of Minnesota.

    b. Beginning on a date unknown, at least as early as October 2017 through on or about August 2, 2018, the defendant used the internet to engage in sextortion—extorting sexually explicit images and videos from a victim by threatening to reveal a victim's sexually explicit chats, images, or videos, or through threats of harm to the victim or the victim's loved ones. In the course of his scheme, the defendant sextorted more than 40 minor girls whom he knew to be or believed were between 11 to 17 years old.

    c. The defendant used multiple social media and chat platforms, including Snapchat, Facebook, Instagram, Kik, and Skype, as well as text messages to engage his victims in conversation. The defendant knew many of the minor girls' ages because their ages were posted on their social media profiles or because the girls told the defendant their ages.

    d. The defendant used multiple techniques to attempt to and to obtain child pornography from minor girls. In some instances, the defendant persuaded, induced, and enticed girls into creating child pornography images of themselves for him through compliments and expressions of affection. He also coerced them into producing child pornography by threatening retribution if they did not comply with his demands. In at least one instance, the defendant obtained sexually explicit images provided to him by a friend of one of the girls.

e.  In many instances, the defendant threatened to and actually did disseminate sexually explicit images of the girls to their friends and family if the girls refused to provide him with child pornography images. In other instances, the defendant threatened to send his associates to rape, kidnap, injure, or kill the girls or their loved ones. To underscore his threats, the defendant sent screenshots of maps of the girls' residences, family members' contact information, and other identifying information to the girls. He also posted this information online where other social media users could see it.

f.  The defendant used multiple personae and usernames to hide his true identity on these platforms. He also used these personae and usernames to continue using social media services after his accounts were closed for violating terms of service. Among the names the defendant used in the course of the offense were "Jason Keens," "Dylan Nash," realjasonkeens, savagejasonk, jayman985, and treywayshiblood. The defendant used photos of at least one real person to create his social media and account profiles.

g.  The defendant also used multiple accounts to create what appeared to be conversations between him and his associates about carrying out his threats against the minor girls. He posted these conversations to social media and sent them to minor girls as threats.

h.  The defendant conducted his communications through multiple means, including use of the internet in interstate commerce and use of materials that had been mailed, shipped, and transported in interstate and foreign commerce, including an Apple iPhone 6, serial number FFPV83MJHYFK.

i.  Previous conviction. The defendant was previously convicted under the laws of the State of Minnesota relating to the possession of child pornography, namely a conviction on or about March 27, 2018, in Nicollet County, Minnesota, in case 52-CR-17-513. The defendant agrees that this conviction qualifies as a prior conviction under 18 U.S.C. § 2251(e). As a result of this conviction, the defendant was required to register as a predatory offender under Minnesota law and as a sex offender under federal law. The defendant was on probation for this offense at all times relevant to the events described here. As a condition of supervision, the defendant was prohibited from accessing, creating, maintaining, or viewing a personal webpage, profile, account, password, or username for a social networking

3

website or an instant messaging or chat room program that permitted use by minors.

Counts 1 and 3:

j. At all times relevant, Minors A and B resided outside the State and District of Minnesota and were under 18 years old.

k. *Minor A.* On multiple occasions between at least in or around March 2018 through in or around May 2018, the defendant, using the persona "Jason," and multiple platforms, including Snapchat and Kik, attempted to and did employ, use, persuade, induce, entice, and coerce a known minor, namely Minor A, to engage in sexually explicit conduct for the purpose of producing a visual depictions of such conduct in the form of computer video files and still images, including the visual depiction described in Count 1. Specifically, the defendant directed Minor A to film herself in particular poses, masturbating, and inserting items into her vagina, for his sexual gratification. The defendant directed Minor A to send these visual depictions to him via the internet.

l. During this period, the defendant, as "Jason," threatened to disseminate sexually explicit images and videos to Minor A's family if she did not provide sexually explicit images and videos to him. The defendant also used a different persona, "Dylan Nash," to threaten Minor A with dissemination of sexually explicit images and videos that Minor A produced at "Jason's" direction. The defendant did disseminate sexually explicit images of Minor A to at least one of Minor A's family members using Facebook.

m. *Minor B.* Between on or about July 7, 2018 and on or about July 8, 2018, the defendant used the persona "Jason Keens" and Snapchat screenname treywayshiblood to demand that Minor B send him nude pictures of herself. When Minor B refused, the defendant threatened to kidnap and rape Minor B and to injure and kill her parents if she did not comply. The defendant posted screenshots of text messages with his associates that contained instructions to rape Minor B and kill her parents, along with information about where Minor B and her parents lived. To further threaten and scare Minor B, the defendant also created digital images that appear to be chats in which the defendant directed his associates to harm Minor B and her parents and his associates agreed to do so. The defendant also called Minor B's

residence via telephone multiple times to harass Minor B and her parents.

3. **Stipulations regarding Additional Offenses.** The defendant agrees that the Indictment does not fully encompass the extent of his criminal conduct. The defendant also agrees that he is culpable for similar conduct involving victims other than Minors A and B, including other unidentified victims not described below. Pursuant to USSG §1B1.2(c), the defendant stipulates to the facts described in the Indictment, in Paragraph 2 of this Agreement, and the following conduct involving 13 known victims, described here as Minors C-N and Victim O. He also stipulates that the following conduct with respect to Minors C-N and Victim O shall be treated as separate counts of conviction as set forth in the table below:

| Victim | Age (Approximate) | Date (On or about, in or around) | Description of Conduct and Violation(s) |
|---|---|---|---|
| C | 17 | June 2018 | The defendant used Snapchat, Kik, and Skype to demand and obtain child pornography from Minor C by threatening to disseminate child pornography to Minor C's family. The defendant disseminated sexually explicit images of Minor C to her family members. This conduct was in violation of 18 U.S.C. §§ 875(b), 2251(a), and 2252(a)(2). |
| D | 17 | May 2018 | The defendant used Snapchat to demand and obtain child pornography of Minor D. He also threatened to and did disseminate sexually explicit images of Minor D to her mother on Facebook. This conduct was in violation of 18 U.S.C. §§ 875(b), 2251(a), and 2252(a)(2). |
| E | 17 | May 2018 | The defendant used text messages to demand child pornography images from Minor E and to threaten to disseminate child pornography images of Minor E to her family and friends if she did not provide additional child pornography images. This |

| | | | |
|---|---|---|---|
| | | | conduct was in violation of 18 U.S.C. §§ 875(d) and 2251(a). |
| F | 13 | June 27, 2018 | The defendant used Snapchat to demand and obtain child pornography images from Minor F. The defendant also threatened to send child pornography images to Minor F's family member on Facebook if she blocked him on Snapchat. This conduct was in violation of 18 U.S.C. §§ 875(d) and 2251(a). |
| G | 13 | July 27, 2018 | The defendant used Snapchat to demand child pornography from Minor G. He also threatened to and did disseminate sexually explicit chats and images of Minor G to her mother on Facebook. This conduct was in violation of 18 U.S.C. §§ 875(d), 2251(a), and 2252(a)(2). |
| H | 15 | May 18, 2018 | The defendant used Snapchat to demand child pornography from Minor H. He also threatened to disseminate sexually explicit images of Minor H to her friends and family. This conduct was in violation of 18 U.S.C. §§ 875(d) and 2251(a). |
| I | 14 | May 18, 2018 | The defendant used Snapchat to demand that Minor I provide him with child pornography, and to threaten to disseminate sexually explicit images of her if she did not comply. This conduct was in violation of 18 U.S.C. §§ 875(d) and 2251(a). |
| J | 16 | May 23, 2018 | The defendant used Snapchat to threaten to disseminate sexually explicit images of Minor J to others. This conduct was in violation of 18 U.S.C. § 875(d). |
| K | 15 | May 23, 2018 | The defendant used Snapchat to threaten to disseminate sexually explicit images of Minor K to others. This conduct was in violation of 18 U.S.C. § 875(d). |
| L | 11 | June 2018 | The defendant used Snapchat to threaten to send sexually explicit chats and images to Minor M's father if Minor M did not provide child pornography to the defendant. This conduct was in violation of 18 U.S.C. §§ 875(d) and 2251(a). |
| M | 15 | October 2017 | The defendant used Snapchat and Kik to demand child pornography from Minor M and to threaten to send his associates to rape her if she did not comply. This conduct was in violation of 18 U.S.C. §§ 875(b) and 2251(a). |

| | | | |
|---|---|---|---|
| N | 16 | January 20-21, 2018 | The defendant used Snapchat to threaten Minor N that she would be kidnapped and her family murdered if she did not provide the defendant with child pornography. This conduct was in violation of 18 U.S.C. §§ 875(b) and 2251(a). |
| O | 18 | July 20, 2018 | When Victim O told the defendant to stop threatening to kill her friend if she did not comply with his demands, the defendant threatened Victim O by sending her texts that he claimed showed that he had ordered rapes and murders of other victims. The defendant also threatened her family's safety. This conduct was in violation of 18 U.S.C. § 875(b). |

4. **Waiver of Pretrial Motions.** The defendant understands and agrees that defendant has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily withdraws any pending pretrial motions, and gives up the right to file additional pretrial motions in this case.

5. **Waiver of Constitutional Trial Rights.** The defendant understands that the defendant has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. It would be the government's burden to demonstrate that the defendant is guilty beyond a reasonable doubt, and a jury's finding of guilt would have to be unanimous. The defendant understands that the defendant has the right to an attorney at every stage of the proceedings and, if necessary, one would be appointed to represent

the defendant. The defendant understands that by pleading guilty, the defendant specifically and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find the defendant guilty without a trial.

6. **Statutory Penalties**. The parties agree that the following statutory penalties apply:

   a. Count 1:

      1. A mandatory minimum of 25 years' imprisonment;
      2. A maximum of 50 years' imprisonment;
      3. A supervised release term of not less than five years up to a maximum term of life;
      4. A fine of up to $250,000;
      5. Payment of $5,000 to the Domestic Trafficking Victims' Fund, pursuant to 18 U.S.C. § 3014(a)(3);
      6. A mandatory special assessment of $100 for each count of conviction; and
      7. Payment of mandatory restitution in an amount to be determined by the Court.

   b. Count 3:

      1. A maximum of 20 years' imprisonment;
      2. A supervised release term of no more than three years;
      3. A fine of up to $250,000;
      4. A mandatory special assessment of $100 for each count of conviction; and
      5. Payment of mandatory restitution in an amount to be determined by the Court.

7. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    The parties agree that the guidelines applicable to each offense are to be calculated separately. (USSG §§2B3.2, 2B3.3, 2G2.1(d), and 3D1.2(d)).

    b.    <u>Minor A</u>. The parties agree that the following Chapter 2 provisions are applicable to Minor A (Count 1):

        i.    <u>Base Offense Level.</u> The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).

        ii.    <u>Specific Offense Characteristics.</u> The parties agree that an upward adjustment of 2 levels applies because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. (USSG §2G2.1(b)(6)).

        iii.    <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 34.

    c.    <u>Minor B</u>. The parties agree that the following Chapter 2 provisions are applicable to Minor B (Count 3):

        i.    <u>Base Offense Level</u>. The parties agree that the base offense level for extortion by force or threat of injury is 18. (USSG §2B3.2(a)).

        ii.    <u>Specific Offense Characteristics</u>. The parties agree that a 2-level upward adjustment applies because the offense involved an express or implied threat of death, bodily injury, or kidnapping (USSG §2B3.2(b)(1)).

        iii.    <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 20.

d.  Stipulated Conduct. The parties agree that the offenses involving Minors C-N and Victim O stipulated to above do not group pursuant to USSG §3D1.2(D). The parties further agree that offenses against distinct minors do not group, and only set forth their stipulated calculations that are common to multiple victims below in the interests of efficiency. The parties further agree that the following provisions apply to this stipulated conduct:

   i.  Minors C and D.

       *Extortion*
       1. Base Offense Level. The parties agree that the base offense level for extortion by force or threat of injury is 18. (USSG §2B3.2(a)).
       2. Specific Offense Characteristics. The parties agree that a 2-level upward adjustment applies because the offense involved an express or implied threat of death, bodily injury, or kidnapping (USSG §2B3.2(b)(1)).
       3. Total Offense Level. The parties agree that the total adjusted offense level is 20.

       *Production of Child Pornography*
       1. Base Offense Level. The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).
       2. Specific Offense Characteristics. The parties agree that an upward adjustment of 2 levels applies because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. (USSG §2G2.1(b)(6)).
       3. Total Offense Level. The parties agree that the total adjusted offense level is 34.

       *Distribution of Child Pornography*
       1. Cross Reference. Pursuant to USSG §2G2.2(c)(1), the parties agree to apply USSG §2G2.1 to this conduct because the offense level under that guideline is greater than it would be under USSG §2G2.2.
       2. Total Adjusted Offense Level. According to the calculations described above, the parties agree that the total adjusted offense level for this conduct is 34.

ii. <u>Minors E and G</u>.

*Extortion*
1. <u>Base Offense Level</u>. The parties agree that the base offense level for blackmail and similar forms of extortion is 9. (USSG §2B3.3(a)).
2. <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 9.

*Production of Child Pornography*
1. <u>Base Offense Level</u>. The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).
2. <u>Specific Offense Characteristics</u>. The parties agree that an upward adjustment of 2 levels applies because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. (USSG §2G2.1(b)(6)).
3. <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 34.

*Distribution of Child Pornography*
1. <u>Cross Reference</u>. Pursuant to USSG §2G2.2(c)(1), the parties agree to apply USSG §2G2.1 to this conduct because the offense level under that guideline is greater than it would be under USSG §2G2.2.
2. <u>Total Adjusted Offense Level</u>. According to the calculations described above, the parties agree that the total adjusted offense level for this conduct is 34.

iii. <u>Minors F, H, I</u>.

*Extortion*
1. <u>Base Offense Level</u>. The parties agree that the base offense level for blackmail and similar forms of extortion is 9. (USSG §2B3.3(a)).
2. <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 9.

11

*Production of Child Pornography*
1. <u>Base Offense Level</u>. The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).
2. <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments apply: 2 levels because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct, (USSG §2G2.1(b)(6)); and 2 levels because the offense involved a minor under the age of 16 years, (USSG §2G2.1(b)(1)(B)).
3. <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 36.

iv. <u>Minors J and K</u>.

1. <u>Base Offense Level</u>. The parties agree that the base offense level for blackmail and similar forms of extortion is 9. (USSG §2B3.3(a)).
2. <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 9.

v. <u>Minor L</u>.

*Extortion*
1. <u>Base Offense Level</u>. The parties agree that the base offense level for blackmail and similar forms of extortion is 9. (USSG §2B3.3(a)).
2. <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 9.

*Production of Child Pornography*
1. <u>Base Offense Level</u>. The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).
2. <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments apply: 2 levels because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit

12

      conduct, (USSG §2G2.1(b)(6)); and 4 levels because the offense involved a minor under the age of 12 years, (USSG §2G2.1(b)(1)(A)).
   3. <u>Total Offense Level</u>.  The parties agree that the total adjusted offense level is 38.

vi. <u>Minor M</u>.

*Extortion*
  1. <u>Base Offense Level</u>. The parties agree that the base offense level for extortion by force or threat of injury is 18. (USSG §2B3.2(a)).
  2. <u>Specific Offense Characteristics</u>. The parties agree that a 2-level upward adjustment applies because the offense involved an express or implied threat of death, bodily injury, or kidnapping. (USSG §2B3.2(b)(1)).
  3. <u>Total Offense Level</u>.  The parties agree that the total adjusted offense level is 20.

*Production of Child Pornography*
  1. <u>Base Offense Level</u>. The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).
  2. <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments apply: 2 levels because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct, (USSG §2G2.1(b)(6)); and 2 levels because the offense involved a minor under the age of 16 years, (USSG §2G2.1(b)(1)(B)).
  3. <u>Total Offense Level</u>.  The parties agree that the total adjusted offense level is 36.

vii. <u>Minor N</u>.

*Extortion*
  1. <u>Base Offense Level</u>. The parties agree that the base offense level for extortion by force or threat of injury is 18. (USSG §2B3.2(a)).
  2. <u>Specific Offense Characteristics</u>. The parties agree that a 2-level upward adjustment applies because the

13

offense involved an express or implied threat of death, bodily injury, or kidnapping. (USSG §2B3.2(b)(1)).
3. <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 20.

*Production of Child Pornography*
1. <u>Base Offense Level</u>. The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).
2. <u>Specific Offense Characteristics</u>. The parties agree that an upward adjustment of 2 levels applies because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. (USSG §2G2.1(b)(6)).
3. <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 34.

viii.  <u>Victim O</u>.
1. <u>Base Offense Level</u>. The parties agree that the base offense level for extortion by force or threat of injury is 18. (USSG §2B3.2(a)).
2. <u>Specific Offense Characteristics</u>. The parties agree that a 2-level upward adjustment applies because the offense involved an express or implied threat of death, bodily injury, or kidnapping. (USSG §2B3.2(b)(1)).
3. <u>Total Offense Level</u>. The parties agree that the total adjusted offense level is 20.

e. The parties agree that the following Chapter 3 provisions apply:

i. <u>Determining the Combined Offense Level.</u> The parties agree that an upward adjustment applies pursuant to the guidelines related to multiple counts of conviction. (USSG §§3D1.2(d) and 3D1.4). The parties also agree that the group with the highest offense level is 38 (stipulated conduct related to production of child pornography involving Minor L). (USSG §§3D1.4(a)). The parties further agree that 9 units apply. (USSG §§3D1.4(a)). As a result, the combined offense level is 47.

ii. <u>Acceptance of Responsibility.</u> The government agrees to recommend that the defendant receive a 3-level reduction for

14

>   acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following:
>   i. the defendant testifies truthfully during the change of plea and sentencing hearings;
>   ii. the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation; and
>   iii. the defendant commits no further acts inconsistent with acceptance of responsibility. (USSG §3E1.1).
>
> b. <u>Repeat and Dangerous Sex Offender against Minors.</u> The parties agree that a 5-level upward adjustment applies because the instant offense is a covered sex crime, neither USSG §§4B1.1 nor 4B1.5(a) apply, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. (USSG §4B1.5(b)(1)).
>
> c. <u>Criminal History Category.</u> Based on information available at this time, the parties believe that the defendant's criminal history category is V. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. (USSG §§4A1.1 and 4B1.5(b)(2)).
>
> d. <u>Guideline Range.</u> If the adjusted offense level is 52 (and reduced to 43 by operation of the guidelines) and the criminal history category is V, the Sentencing Guidelines recommend a term of life imprisonment. The Guidelines range is adjusted to the statutory maximum term of imprisonment of 70 years.
>
> e. <u>Fine Range.</u> Based on the Sentencing Guidelines calculations above, the fine range is $50,000-$500,000.
>
> f. <u>Supervised Release.</u> The Sentencing Guidelines acknowledge the statutory requirement that a term of supervised release of no less than five years and up to a life term be imposed. (USSG §§5D1.2(a)(1) and

5D1.2(b)(2); 18 U.S.C. § 3583(k)). The parties agree to recommend a life term of supervised release.

g. <u>Sentencing Recommendation and Departures.</u> The defendant reserves the right to make a motion for a variance or departure from the applicable Guidelines range. The government agrees to recommend a sentence that includes a term of imprisonment of no more than 480 months' imprisonment.

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable Guidelines calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Special Assessment**. The defendant is required to pay a special assessment in the amount of $100.00 for each felony count of conviction, which becomes due and payable upon sentencing. 18 U.S.C. § 3013; USSG §5E1.3. If the defendant is not found to be indigent, the defendant may also be ordered to pay $5,000 to the Domestic Trafficking Victims' Fund. 18 U.S.C. § 3014(a)(3).

11. **Restitution**. The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) apply, and that the Court is required to order the defendant to make restitution to the victims of his crime. There is

no agreement with regard to the amount of restitution; however, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Indictment, the counts of conviction, or this Agreement. The defendant understands and agrees that among these victims are Minors A-N and Victim O.

The defendant further agrees to fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest. The defendant also agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.

The defendant further agrees that within 30 days after the entry of his guilty plea in this case, the defendant will provide the United States a financial disclosure form, under penalty of perjury, listing all the defendant's assets and financial interests valued at more than $1000. The defendant agrees to provide updated information within seven days of any material change in circumstances, as described in 18 U.S.C. § 3664(k). The defendant expressly authorizes the United States Attorney's Office to obtain credit reports to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

12. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

> a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

  b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

  c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including the following property: an Apple iPhone 6, serial number FFPV83MJHYFK.

  d. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

13. **Sex Offender Registration.** The defendant understands that by pleading guilty to these offenses, the defendant may be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements, that it is his responsibility to register and update his registration as required, and that those requirements may apply throughout his life.

14. **Waivers of Appeal and Collateral Attack.** The defendant acknowledges having been advised by counsel of the defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby expressly, knowingly, intelligently, and

voluntarily waives these rights, except as specifically reserved herein. The defendant reserves the right to appeal substantive reasonableness of a sentence that includes a term of imprisonment of more than 480 months. The defendant also reserves the right to challenge his sentence collaterally through a post-conviction proceeding under 28 U.S.C. § 2255 if there is a subsequent, retroactive reduction in the mandatory minimum term of imprisonment applicable to the statute of conviction for Count 1. The defendant also reserves the right to an appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

15. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Indictment Act (FOIA) and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 7/18/2019

ERICA H. MacDONALD
United States Attorney

BY: MIRANDA E. DUGI,
(NY: 5140546),
Assistant U.S. Attorney

Date: 7/18/2019

DYLAN MATTHEW DELING,
Defendant

Date: July 18, 2019

MANVIR K. ATWAL,
Counsel for the Defendant

19