UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 19-cr-0041 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA** |
| Dylan Matthew Deling, | |
| Defendant. | |

---

Before the Court is Defendant Dylan Matthew Deling's motion to withdraw his guilty plea. (Dkt. 86.) On July 18, 2019, Deling pleaded guilty to one count of Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and one count of Interstate Communication with Intent to Extort, in violation of 18 U.S.C. § 875(b). In January 2020, the Court granted Deling's motion to appoint new counsel. Deling's sentencing hearing is scheduled for Monday, August 17, 2020.

Deling filed his motion to withdraw his guilty plea on Friday, August 14, 2020, in which he asserts that his former lawyer misled him to induce his plea of guilty by guaranteeing that he would receive a sentence of no more than 25 years' imprisonment in exchange for his plea. Deling further asserts that he lacked the requisite mental capacity to enter a knowing, voluntary, and intelligent plea due to his isolation and conditions of confinement.

A defendant may withdraw a guilty plea after it has been accepted by the court, but before the court imposes a sentence, if the defendant shows "a fair and just reason for

requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Even if a defendant establishes a fair and just reason for withdrawal, the district court "must also consider whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced it the court grants the motion." *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996) (internal quotation marks omitted). A district court need not convene an evidentiary hearing on a motion to withdraw a guilty plea if there are no material issues of fact to resolve. *United States v. White Owl*, 932 F.3d 1192, 1194 (8th Cir. 2019). A district court may deny a motion to withdraw a guilty plea without holding an evidentiary hearing if the allegations in the motion are inherently unreliable or are not supported by specific facts. *United States v. Alvarado*, 615 F.3d 916, 920 (8th Cir. 2010).

The Court fully inquired into Deling's state of mind at the change-of-plea hearing and found that Deling had the requisite mental capacity to enter a plea. Deling stated under oath that he adequately reviewed and considered the plea agreement and confirmed that he understood the plea agreement and the consequences of pleading guilty, including the potential length of imprisonment he might face. Deling's unequivocal sworn statements at his July 18, 2019 plea hearing belie his contentions, more than a year later, that he was misled as to the sentence he might receive or that his guilty plea was not knowing, voluntary, and intelligent. *See United States v. Austin*, 413 F.3d 856, 858 (8th Cir. 2005) (affirming district court's denial of motion to withdraw guilty plea because the defendant's statements at the plea hearing contradicted the defendant's later contention that the plea was not voluntary). Moreover, the allegations in Deling's motion are neither reliable nor

supported by specific facts. Deling does not assert his innocence or offer any specific argument or evidence to contradict his sworn statements at the plea hearing. Notably, Deling pleaded guilty in July 2019 and he has had new counsel since January 2020. But Deling waited until the day before his sentencing hearing to move to withdraw his guilty plea. Deling's post-plea regrets "caused by the contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea." *United States v. Stuttley*, 103 F.3d 684, 686 (8th Cir. 1996). Accordingly, Deling has not met his burden to show a "fair and just reason" to withdraw his guilty plea.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Dylan Matthew Deling's motion to withdraw his plea of guilty, (Dkt. 86), is **DENIED**.

Dated: August 17, 2020                          s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge